IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELIZABETH E. FISCHER, STEVE M. FISCHER,
and ANNETTE L. FISCHER,

                                                     ORDER

            Plaintiffs,

                                                   12-cv-876-bbc

     v.

UNITED STATES OF AMERICA, BRIAN A. CLAUS,
GOVERNMENT EMPLOYEES INSURANCE COMPANY
and WISCONSIN MUTUAL INSURANCE COMPANY,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case brought under the Federal Tort Claims Act, plaintiffs Elizabeth Fischer, Steve Fischer and Annette Fischer allege that defendant Brian Claus, an employee of the U.S. Department of the Interior, acted negligently when he hit Elizabeth Fischer while driving a vehicle owned by the federal government. Defendant United States of America has filed a motion to dismiss on the ground that Claus was not acting within the scope of his employment at the time of the accident, as required by 28 U.S.C. § 2679(b). Dkt. #22.

      I am denying the motion without prejudice because it was filed improperly as a motion to dismiss. Both sides rely on numerous documents outside the pleadings, which means that the government should have filed a motion for summary judgment rather than a motion to dismiss. Fed. R Civ. P. 12(d). The government acknowledges in its motion that it is relying on matters outside the pleadings, but it attempts to avoid the effect of Rule

1

12(d) by saying that it brought its motion under Rule 12(b)(1), which relates to subject matter jurisdiction. The government cites Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979), for the proposition that courts may look beyond the allegations in the complaint to resolve a motion to dismiss for lack of subject matter jurisdiction.

The problem with the government's argument is that the issue raised in its motion to dismiss is whether plaintiffs are entitled to relief under the Federal Tort Claims Act, which is a question whether plaintiffs have stated a claim upon which relief may be granted under Rule 12(b)(6), not whether the court has jurisdiction. The government does not explain why it believes the issue to be one of subject matter jurisdiction, but it seems to be relying on the following premises: (1) the Federal Tort Claims Act is a limited waiver of sovereign immunity; (2) the Act does not apply if the federal employee involved is acting outside the scope of his employment; (3) if the federal employee is acting outside the scope of his employment, the United States has sovereign immunity from the claim; and (4) if the United States has sovereign immunity, the court lacks jurisdiction.

The government's fourth premise is incorrect. As a general matter, the Court of Appeals for the Seventh Circuit has stated on numerous occasions that sovereign immunity is a defense, not a jurisdictional issue:

> [W]hat sovereign immunity means is that relief against the United States depends on a statute; the question is not the competence of the court to render a binding judgment, but the propriety of interpreting a given statute to allow particular relief. The statutory exceptions . . . to the United States' waiver of sovereign immunity . . . limit the breadth of the Government's waiver of sovereign immunity, but they do not accomplish this task by withdrawing subject-matter jurisdiction from the federal courts.

Parrott v. United States, 536 F.3d 629, 634 (7th Cir. 2008) (citing United States v. Cook County, 167 F.3d 381 (7th Cir.1999)). See also Wisconsin Valley Imperial Co. v. United States, 569 F.3d 331, 333-34 (7th Cir. 2009) ("Sovereign immunity is not a jurisdictional doctrine."); Blagojevich v. Gates, 519 F.3d 370, 371 (7th Cir. 2008) ("[S]overeign immunity does not diminish a court's subject-matter jurisdiction."). To the extent these cases leave any doubt, the court of appeals has held specifically that the question whether a federal employee acted within the scope of his employment under § 2679(b) is not jurisdictional. Alexander v. Mount Sinai Hospital Medical Center, 484 F.3d 889, 896-97 (7th Cir. 2007).

Because the government's motion should not have been brought under Rule 12(b)(1), I am denying it without prejudice to the government's refiling it as a motion for summary judgment in accordance with this court's procedures, which include filing proposed findings of fact. Procedure for Filing Motions for Summary Judgment, attached to dkt. #26. If the parties wish to rely on their briefs from the motion to dismiss, they may do so, but they should address the question whether it is the court or a jury that should resolve any genuine issues of material fact related to scope of employment. The government says in its briefs that the court should resolve any disputes with an evidentiary hearing, but this position seems to rest on the view that scope of employment is a jurisdictional issue. Because that view is incorrect, the parties should cite new authority if they adhere to the view that the court should act as the factfinder on this issue rather than a jury.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendant United States of America, dkt. #22, is DENIED WITHOUT PREJUDICE to defendant's refiling it as a motion for summary judgment in accordance with this court's summary judgment procedures.

Entered this 25th day of September, 2013.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge